J-S71026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD JOHNSON | : | |
| | : | |
| Appellant | : | No. 985 EDA 2019 |

Appeal from the PCRA Order Entered February 22, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0807241-2002

BEFORE:  BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 21, 2020**

Edward Johnson (Appellant) appeals from the order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  In this appeal, Appellant's court-appointed counsel (PCRA Counsel) filed a petition to withdraw as counsel and a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  Because we conclude that PCRA Counsel fulfilled the procedural requirements of *Turner/Finley*, and this appeal is without merit, we affirm the PCRA court's order denying Appellant's PCRA petition and grant PCRA Counsel's petition to withdraw.

On July 29, 2003, Appellant pled guilty to kidnapping, interference with custody of children, criminal conspiracy, attempted theft by extortion, and

criminal use of a communications facility.[1]  On September 23, 2003, the trial court sentenced Appellant to an aggregate term of 10½ to 37 years of incarceration.  Appellant did not file a direct appeal.

Nearly 14 years later, on September 13, 2017, Appellant filed a *pro se* PCRA petition in which he alleged that trial counsel rendered ineffective assistance.  The PCRA court appointed PCRA Counsel, who filed a **Turner/Finley** no-merit letter on May 24, 2018.  On October 25, 2018, the PCRA court issued notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure.  Appellant did not file a response to the PCRA court's Rule 907 notice, and on February 22, 2019, the PCRA court denied Appellant's petition. Notably, in a footnote in the order denying Appellant's petition, the PCRA court added, "Petitioner may proceed *pro se* or with retained counsel; no counsel is to be appointed."  PCRA Court Order, 2/22/19 at n.1.

---

[1] 18 Pa.C.S.A. §§ 2901, 2904, 903, 3923, and 7512.

On March 25, 2019,[2] Appellant filed a *pro se* notice of appeal.[3]  The PCRA court issued an order pursuant to Pa.R.A.P. 1925(b), however neither Appellant nor PCRA Counsel filed a concise statement.  On June 18, 2018, PCRA Counsel filed a petition to withdraw with this Court, attaching a **Turner/Finley** no-merit letter, with notice to Appellant that he had the right to proceed *pro se* or retain private counsel.  Appellant did not respond to PCRA Counsel's no-merit letter.

As a prefatory matter, we observe the failure to file a court-ordered Rule 1925(b) statement generally constitutes waiver of all issues. **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998).  "[T]o preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of [Errors] Complained of on Appeal pursuant

---

[2] The thirtieth day after the PCRA court's February 22, 2019 dismissal order fell on Sunday, March 24, 2019.  Thus, Appellant had until Monday, March 25, 2019 to file a timely appeal.  **See** 1 Pa.C.S.A. § 1908 ("Whenever the last day of any such period shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.").

[3] The filing of *pro se* pleadings while represented by counsel is considered "hybrid" and is prohibited within the Commonwealth.  **See Commonwealth v. Staton**, 184 A.3d 949, 958 (Pa. 2018) (no defendant has a constitutional right to self-representation together with counseled representation "either at trial or on appeal"); **see also Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011) (citing Pennsylvania's long-standing policy precluding hybrid representation).  We recognize, however, that when an appellant is represented by counsel at the time he files a *pro se* notice of appeal, the appeal has effect and is not a nullity.  **See Commonwealth v. Cooper**, 27 A.3d 994, 1007 (Pa. 2011) (holding that a pro se notice of appeal from a final judgment filed by a represented appellant is not automatically void).

to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (citations omitted).

Our Supreme Court revised Rule 1925 to provide a remedy when a criminal appellant's counsel fails to file a court-ordered Rule 1925(b) statement. ***See*** Pa.R.A.P. 1925(c)(3); ***Commonwealth v. McBride***, 957 A.2d 752, 755 (Pa. Super. 2008). Rule 1925(c)(3) permits the appellate Court to remand "for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge," if the court ordered an appellant in a criminal case to file a Rule 1925(b) statement and appellant failed to do so, and the appellate court is convinced that counsel has been *per se* ineffective. Pa.R.A.P. 1925(c)(3).

Interpreting Rule 1925(c)(3), this Court has held that counsel's failure to file a court-ordered Rule 1925(b) statement is *per se* ineffectiveness. ***Commonwealth v. Burton***, 973 A.2d 428, 431–32 (Pa. Super. 2009) (*en banc*). Generally, when waiver occurs due to counsel's complete failure to file a Rule 1925(b) statement, remand is proper. ***Commonwealth v. Mitchell***, 986 A.2d 1241, 1244 n.4 (Pa. Super. 2009) (noting counsel's failure to file court-ordered Rule 1925(b) statement required remand for filing of concise statement *nunc pro tunc* under revised Rule 1925(c)(3)).

Nevertheless, this Court may decline to remand, where we have an adequate record for review. ***Commonwealth v. Oliver***, 128 A.3d 1275, 1279 (Pa. Super. 2015) (declining to apply ***Lord*** to deem PCRA appellant's issues

- 4 -

waived, where PCRA counsel was still counsel of record when the PCRA court ordered Rule 1925(b) statement, counsel failed to file statement on appellant's behalf, and the record revealed irregularities surrounding PCRA counsel's **Turner/Finley** letter and petition to withdraw); **see also Burton**, 973 A.2d at 433 (stating choice to review appeal and not remand for filing of concise statement, under certain circumstances, is consistent with our Supreme Court's "intent to avoid unnecessary delay in the disposition on the merits of cases which results from *per se* ineffectiveness of appellant's counsel"). The **Oliver** Court explained it would not remand if the record and the PCRA court opinion addressed any claim an appellant could raise on appeal. **Oliver**, 128 A.3d at 1279–80.

Instantly, Appellant filed his PCRA petition and raised two issues: (1) whether trial counsel was ineffective for failing to challenge the legality of his sentence pursuant to 18 Pa.C.S.A. § 9756; and (2) whether trial counsel was ineffective for failing to object at sentencing to his illegal sentence pursuant to 18 Pa.C.S.A. § 906 and 42 Pa.C.S.A. § 9765. *Pro Se* PCRA Petition, 9/13/17, at 1-2 (unpaginated). After Appellant filed a *pro se* notice of appeal, the PCRA court ordered a Rule 1925(b) statement and served it on Appellant (not PCRA Counsel). Neither Appellant nor PCRA Counsel filed the court-ordered Rule 1925(b) statement or a Rule 1925(c)(4) statement of intent to file a **Turner/Finley** brief, which is considered *per se* ineffectiveness. **See Oliver**, 128 A.3d at 1279–80.

The PCRA court denied Appellant's petition because it was untimely. Therefore, PCRA Counsel could have raised only the two issues raised in Appellant's PCRA petition and challenged the PCRA court's dismissal of his petition as untimely in a Rule 1925(b) statement. *See generally Commonwealth v. Bond*, 819 A.2d 33 (Pa. 2002) (reiterating that only claims properly presented to the PCRA court are preserved for appellate review); Pa.R.A.P. 302(a) (governing requisites for reviewable issue on appeal). Further, the PCRA court's Rule 1925(a) opinion and counsel's *Turner/Finley* brief on appeal both address the timeliness of Appellant's petition and the merits of Appellant's two issues. Additionally, we have an adequate record to review the appeal. Under these circumstances, and in the interest of judicial economy, we decline to remand because: (a) remand would serve no practical purpose, particularly if PCRA Counsel decided to file a Rule 1925(c)(4) statement; (b) remand would cause unnecessary and needless delay in the resolution of the appeal; and (c) the record is adequate for appellate review. *See Burton*, 973 A.2d at 433; *Oliver*, 128 A.3d at 1279–80. We thus proceed to review this appeal.[4]

_____

[4] Much of the procedural irregularity of this case stems from the confusion regarding PCRA Counsel's role in Appellant's appeal. The PCRA Court did not issue a formal order either granting or denying PCRA Counsel's petition to withdraw that was filed in the PCRA court on May 24, 2018. Instead, the only reference ostensibly made to PCRA Counsel's obligation of representation came in the form of a footnote included in the order denying Appellant's PCRA petition. This Court notes its disapproval of utilizing a footnote to address a petitioner's right to counsel. The PCRA court should have issued a separate order directly addressing PCRA Counsel's *Turner/Finley* no-merit letter.

PCRA Counsel's no-merit letter presents two issues for our review:

1. TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE THE ILLEGALITY OF HIS SENTENCE PURSUANT TO 18 Pa.C.S.A. § 9756.

2. TRIAL COUNSEL WAS INEFFECTIVE WHEN FAILING TO PROPERLY OBJECT TO AN ILLEGAL SENTENCE PURSUANT TO 18 Pa.C.S.A. § 906 AND 42 Pa.C.S.A. § 9765.

**Turner/Finley** Letter at 2-3.

We review the denial of PCRA relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Busanet**, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." **Id.**

As noted, PCRA Counsel filed in this Court a petition for leave to withdraw as counsel and no-merit letter. Before we may review the merits of Appellant's claim, we must determine if PCRA Counsel has satisfied the requirements to be permitted to withdraw from further representation. Pursuant to **Turner/Finley**, an "[i]ndependent review of the record by competent counsel is required before withdrawal [on collateral review] is permitted." **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009). In **Pitts**, our Supreme Court explained that independent review requires proof of:

1. A "no merit" letter by PC[R]A counsel detailing the nature and extent of his review;

2. The "no merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;

3. The PC[R]A counsel's "explanation", in the "no merit" letter, of why the petitioner's issues were meritless;

4. The PC[R]A court conducting its own independent review of the record; and

5. The PC[R]A court agreeing with counsel that the petition was meritless.

*Id.* (citation and brackets omitted).

Additionally:

Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.

If counsel fails to satisfy the foregoing technical prerequisites of *Turner/Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner/Finley* request or an advocate's brief.

However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner/Finley*, the [court] must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (citations omitted).

Here, PCRA Counsel filed a "no-merit" letter and petition to withdraw which states the nature and extent of his review of the case, listed the issues for which Appellant sought review, explained why and how the issues lack

merit, and requested permission to withdraw. ***See Turner/Finley*** Letter, 6/18/19; Motion to Withdraw as Counsel, 6/18/19. PCRA Counsel also sent Appellant a copy of the "no-merit" letter, a copy of the petition to withdraw, and a statement advising Appellant of the right to proceed *pro se* or by privately retained counsel. Thus, the record reflects that PCRA Counsel submitted a petition to withdraw and "no-merit" letter that satisfy the technical demands of ***Turner/Finley***. We now turn to our review of Appellant's claims to ascertain whether he is entitled to relief.

Pennsylvania law makes clear that no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa. Super. 2010) (quoting ***Commonwealth v. Robinson***, 837 A.2d 1157, 1161 (Pa. 2003)). A petitioner must file a PCRA petition within one year of the date on which the petitioner's judgment of sentence became final, unless one of the three statutory exceptions applies:

| | |
|---|---|
| (i) | the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; |
| (ii) | the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or |
| (iii) | the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively. |

- 9 -

42 Pa.C.S.A. § 9545(b)(1). A petitioner must file a petition invoking one of these exceptions "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[5] If a petition is untimely, and the petitioner has not pled and proven any exception, "neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (quoting ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006)).

Appellant's PCRA petition is facially untimely. "A judgment is deemed final 'at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.'" ***Monaco***, 996 A.2d at 1079 (quoting 42 Pa.C.S.A. § 9545(b)(3)).

Here, the trial court entered Appellant's judgment of sentence on September 23, 2003. Appellant did not file a direct appeal. Therefore, Appellant's judgment of sentence became final 30 days later, or October 23, 2003. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Under Section 9545(b)(1), Appellant had to file his PCRA petition within one year of his judgment of sentence becoming final – or October 23, 2004. Appellant did not file the instant

---

[5] Act 146 of 2018 amended 42 Pa.C.S.A. § 9545(b)(2), effective December 2018. Previously, a petitioner had 60 days from when the claim could have been presented. ***See*** Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3. This change does not impact our analysis.

petition until September 13, 2017 – nearly 13 years later. Accordingly, we are without jurisdiction to decide Appellant's appeal unless he pled and proved one of the three timeliness exceptions of Section 9545(b)(1). **See Derrickson**, 923 A.2d at 468.

Critically, Appellant fails to allege the applicability of any exception to the PCRA's time-bar. Because Appellant does not allege any exception to the time-bar, we conclude that he has failed to meet his burden under the PCRA. **Id.**; **see also Commonwealth v. Carr**, 768 A.2d 1164, 1167 (Pa. Super. 2001) (holding that "claim[s] that counsel was ineffective will not save an untimely PCRA petition").

In light of the foregoing, the PCRA court properly denied Appellant's PCRA petition.

Order affirmed. Petition to withdraw granted.

Judge Bowes joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/21/20